

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Linda Brown and Beth Abernathy, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Sikora & Associates, Inc., The Fidelity )<br>Group, Inc., )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>Sikora & Associates, Inc., )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>Steven E. Edwards, Michael Samuelson, )<br>Bob W. Storey, and Don Yost, )<br>)<br>Third Party Defendants. )<br>) | **C.A. No.: 6:04-579-HFF** |

## ORDER

### I.    INTRODUCTION

This is an ERISA case. Currently pending before the Court is third-party Defendant Bob W. Storey's (Storey) motion to dismiss. For the reasons stated below, the Court will deny the motion.

1

## II. DISCUSSION

### *A.     Subject Matter Jurisdiction*

Storey asserts that the Court lacks jurisdiction over the third party component of this case because of improper joinder of the third-party defendants under Fed. R. Civ. P. 14. Specifically, Storey asserts that he has been improperly joined as a third-party defendant because third-party Plaintiff Sikora & Associates, Inc. (Sikora) does not claim that it is being held vicariously liable for the wrongdoing of Storey or that Storey should indemnify it in any way but instead claims only that Storey is the alter ego of The Fidelity Group, Inc. (Fidelity) and so is liable to Sikora for Fidelity's wrongs.

Fed R. Civ. P. 14 provides:

> (a) At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

The focus of impleader practice, as provided by this rule, is derivative liability. Rule 14 permits a defendant to implead a third party who will be liable to the original defendant if he, in turn, is liable to the plaintiff. It appears to the Court that Sikora has failed to allege that Storey could be liable to it based on derivative or vicarious liability. Thus, the third-party complaint against Storey is improper.

Despite this, Sikora may join Storey as a party to its cross-claim against Fidelity. Fed. R. Civ. P. 13(h) provides:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

Rule 20 permits the permissive joinder of parties. Under this rule:

2

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of the defendants will arise in the action.

Here, Sikora alleges that Storey is the alter ego of Fidelity, and Sikora has an existing cross-claim against Fidelity. Pursuant to these rules, therefore, Storey may be joined as a party to Sikora's cross-claim against Fidelity. The Court will grant Sikora leave to amend its complaint to provide for this joinder. *See* Fed. R. Civ. P. 15(a) (Leave to amend a complaint "shall be freely given when justice so requires.").

### B.     *Personal Jurisdiction*

A plaintiff bears the burden of proving, by a preponderance of the evidence, that a court has personal jurisdiction over a defendant. *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Where, however, the court addresses the issue of personal jurisdiction without conducting an evidentiary hearing, "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.* In making this prima facie showing, a plaintiff is entitled to deference, as a court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*

In the instant case, Sikora has alleged that Storey is the alter ego of Fidelity. Sikora bases this conclusion on its allegations that Storey formed Fidelity as a sham corporation or as a continuation of Magna Corporation, of which Storey was president. When viewing the facts in favor of Sikora, Fidelity clearly is subject to personal jurisdiction in South Carolina. Sikora, for example, alleges that Fidelity marketed and sold insurance products in South Carolina. This fact alone subjects Fidelity to the jurisdiction of the South Carolina courts. If, as asserted by Sikora–and as the Court is required to believe at this point–Storey is the alter ego of Fidelity, Storey would be subject

to personal jurisdiction in South Carolina as well.

Therefore, the Court concludes that Storey is subject to personal jurisdiction in South Carolina. It is important to note, however, that the Court reaches this conclusion only when viewing the facts alleged in Sikora's complaint in favor of Sikora. This "threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; [Sikora] must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." *Id.* at 294 n.5.

### III.    CONCLUSION

Based on the foregoing, the Court finds that Storey's motion to dismiss should be, and hereby is, **DENIED.**

**IT IS SO ORDERED**.

Signed this 17th day of October, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE