

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Linda Brown and Beth Abernathy, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sikora & Associates, Inc., The Fidelity Group, Inc., | ) | |
| | ) | |
| Defendants, | ) | C.A. No.: 6:04-579-HFF |
| | ) | |
| and | ) | |
| | ) | |
| Sikora & Associates, Inc., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Steven E. Edwards, Michael Samuelson, Bob W. Storey, and Don Yost, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## ORDER

**I.     INTRODUCTION**

This is an ERISA case. Currently pending before the Court is third-party Defendant Bob W.

1

Storey's (Storey) motion to certify the issue of subject matter and personal jurisdiction for interlocutory appeal. For the reasons stated below, the Court will deny the motion.

## II.    STANDARD OF REVIEW

A district court may certify an order for interlocutory appeal when the order

> involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]

28 U.S.C. § 1292(b). The decision of a district court on whether to grant an interlocutory appeal is discretionary in nature. *Swint v. Chambers County Comm'n.*, 514 U.S. 35, 47 (1995).

## III.    DISCUSSION

### A.    *Subject Matter Jurisdiction*

Storey initially moved to dismiss the third-party complaint against him based on an assertion that grounds did not exist for derivative liability against him, rendering as improper Third-party Plaintiff Sikora & Associates, Inc.'s (Sikora) impleader of him under Fed. R. Civ. P. 14. The Court agreed with Storey's argument and concluded that he was not subject to third-party liability under Rule 14. The Court, however, permitted Sikora to amend its complaint so as to join Storey as a party pursuant to Fed. R. Civ. P. 13(h) and 20.

Storey now reasserts that he cannot be subject to derivative liability under Rule 14. The Court finds this course of action puzzling, as it has already agreed with Storey on this point. As Storey fails to assert any new argument with regard to subject matter jurisdiction and fails to take issue with the Court's decision to allow him to be joined as a party under Rules 13(h) and 20, the Court finds that no substantial ground for difference of opinion exists on the issue of subject matter

jurisdiction. Therefore, Storey's motion for certification of the issue of subject matter jurisdiction for interlocutory appeal must be denied.

### B.     *Personal Jurisdiction*

Storey next contends that the Court's denial of his motion to dismiss based on lack of personal jurisdiction should be certified for interlocutory appeal. In support of this argument, Storey claims that he cannot be subject to personal jurisdiction in South Carolina, as he has never been to South Carolina and he is merely an incorporator of Defendant The Fidelity Group, Inc. (Fidelity). Sikora, on the other hand, contends that it has met its burden of making a *prima facie* showing that Storey was an officer or director of Fidelity, which it alleges is merely a sham corporation or a continuation of other corporations. The Court rejects Storey's argument for several reasons.

First, the Court is unconvinced that the issue of personal jurisdiction is a controlling question of law for purposes of an interlocutory appeal. Although the issue of personal jurisdiction is one to be decided by the Court at this stage, the issue is, at most, a question of mixed law and fact in that the Court must make factual inferences and assumptions regarding allegations in the pleadings and supporting affidavits and exhibits. Storey's argument here implicitly recognizes this as true, as he does not contend that the Court applied an incorrect legal standard but merely contests the Court's finding that Sikora has presented facts which satisfy its burden of a *prima facie* jurisdictional showing. In addition, an issue does not become a controlling question of law merely because it involves jurisdictional questions; Storey's argument to the contrary is unpersuasive.

Second, Storey fails to identify a substantial ground for difference of opinion as to whether Sikora has made the requisite jurisdictional showing. Instead, Storey attempts to reargue the substance of his initial motion to dismiss. In doing this, Storey cites authority that Sikora must go "beyond the pleadings and make affirmative proof" of facts establishing jurisdiction. (Rep. Mem.

3

Supp. Int. App. 2 (citing *United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir. 1993)).) While this statement is certainly true, it is taken out of context and places an unduly high burden on Sikora. If fact, the Court of Appeals for the First Circuit, after making the statement quoted by Storey, immediately noted that

> in determining whether the *prima facie* demonstration has been made, the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true[.]

*United Elec.*, 987 F.2d at 44. This statement is in accord with the rule in the Fourth Circuit. *See, e.g., New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Here, Storey and Sikora have presented affidavits and various documentary exhibits which present conflicting evidence on the issue of personal jurisdiction. At this stage of the proceedings, it is not for the Court to weigh the evidence and make a factual finding. Rather, the Court must accept Sikora's allegations as true *if properly supported by an proffered evidence*. Sikora's allegations are so supported and, if true–as the Court must assume here, Sikora is subject to personal jurisdiction within South Carolina.

Accordingly, the Court finds that Storey fails to meet the "high standard" necessary "to overcome 'the strong congressional policy against piecemeal reviews and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" *Judicial Watch, Inc. v. National Energy Policy Development Group*, 233 F.Supp.2d 16, 20 (D.D.C. 2002) (citing *United States v. Nixon*, 418 U.S. 683, 690 (1974)).

## IV.  CONCLUSION

Based on the foregoing, the Court finds that Storey's motion for certification for interlocutory appeal should be, and hereby is, **DENIED.**

4

**IT IS SO ORDERED.**

Signed this 18th day of November, 2005, in Spartanburg, South Carolina.

                                                      s/ Henry F. Floyd
                                                     UNITED STATES DISTRICT JUDGE